## URY, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co

No 2527. Decided Oct 22, 1935

Florence G. Denton, Columbus, for plaintiff in error.

Mitchell N. Nachman, Columbus, for defendant in error.

## OPINION

By BODEY, J.

The main point argued by counsel for plaintiff in error in the brief is that the Probate Court did not have jurisdiction of the subject matter in controversy. It is the claim of plaintiff in error that the case submitted to the Probate Court on exceptions to the inventory involved the determination of ownership of property, that this question should have been submitted to a jury and that the court without a jury did not have jurisdiction to hear the facts and decide the question. It has already been stated that no bill of exceptions is on file in this court. The court is not advised whether or not a trial by jury was demanded in either the Probate Court or the Common Pleas Court on appeal. It does not appear in the transcript of the docket and journal entries that any objection was ever entered to the hearing in either of these courts by the plaintiff in error. Since the record does not disclose that a jury was demanded, that the demand was refused, and that exceptions were taken thereto, the plaintiff in error can not now be heard to complain. The rule is well stated in 24 O. Jur., page 155, in the following language:

"It may be lost by proceeding to determination of the issues without objecting to trial without a jury. Hence an objection by the defeated party that his cause was not tried by a jury, when made for the first time after judgment, comes too late. Where a person has brought an action invoking the power of the court to try it without the intervention of a jury, has taken his chances for judgment at the hands of the court, and has taken an appeal from the judgment of the court, it is too late for him to predicate error upon the fact that the court tried his case without the intervention of a jury. In other words, the court has done exactly what he asked it to do."

The plaintiff in error also complains in the brief that certain sections of the new Probate Code, providing for the filing of exceptions to the inventory of an estate, are unconstitutional. This question can not be before the court. No exceptions appear on the record which would bring before this court the question of the constitutionality of any statute.

The first ground for reversal set out in the petition in error is not well taken. This court can not determine that the Common Pleas Court erred in affirming the ruling of the Probate Court, except as the same might be exemplified by a bill of exceptions.

Likewise, the second ground set forth in the petition in error is not well taken. The Common Pleas Court only exercised jurisdiction on appeal because it was requested so to do by the plaintiff in error. No objection was taken to that procedure. None could be taken by the plaintiff in error. He chose the forum and the procedure. He may not now complain that either was incorrect.

In the third and fourth grounds set out in the petition in error it is claimed that the lower courts erred in finding in a summary proceeding that the deposit of $6089.95 had been made the subject of a valid gift inter vivos during the lifetime of the deceased. Such a finding was surplusage. It was not necessary. The question before each of the courts was whether or not this deposit was an asset of the estate. In each instance the lower courts found that the deposit was not an asset. Nothing was added to the judgment or opinion of the court by setting forth in the entry that the court also found that a valid gift inter vivos had been established by clear and convincing evidence.

In the fifth ground the plaintiff in error claims that there are other errors prejudicial appearing on the record. The record appears to us to be entirely regular and we find nothing in the record of a prejudicial nature.

No error appearing in the proceedings in the lower courts, the judgment of the Court of Common Pleas should be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.